IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN CROMPTON,

      Plaintiff,

v.

BNSF RAILWAY COMPANY,

      Defendant.

Case No. 11-cv-431-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Brian Crompton's ("Crompton") bill of costs (Doc. 84) to which defendant BNSF Railway Company ("BNSF") filed an objection (Doc. 90).  For the following reasons, the Court grants in part and denies in part Crompton's bill of costs

Crompton filed its bill of costs requesting a total of $10,758,87 as specified in items 1 – 28.. In its objection, BNSF states it has no objection to items 1 through 24; however, it does object to items 25 through 28, which state as follows

> 25. Xact Data discovery charges for trial exhibits and copies in the amount of $881.77 (Exhibit X).  These charges were necessary and both parties used Plaintiff's exhibits.
> 26.  Other charges by Xact Data discovery for color copies of photographs in the amount of $115.87 (Exhibit Y).  These charges were necessary and both parties used Plaintiff's photographs.
> 27.  Charges incurred at Staples for trial exhibits and copies in the amount of $118.81 (Exhibit Z).  These charges were necessary and both parties used Plaintiff's exhibits.
> 28.  Charges incurred at CVS for paper for use in conjunction with exhibits in the amount of $11.16.  These charges were necessary, and both parties used Plaintiff's exhibits.  (Exhibit AA).

Doc. 84, p. 5

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the

prevailing party." Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The Court presumes that a prevailing party is entitled to costs as a matter of course, but has the discretion to deny or reduce costs where warranted. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). With respect to photocopying expenses, a party "is not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble, Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Rather, the party is only "required to provide the best breakdown obtainable from retained records." *Id*.

**1. Items 25 and 26**

BNSF argues that the costs listed and items 25 and 26 should be disallowed because Crompton "has provided no evidence of what was copied and whether the copies were necessary or were used at trial." Doc. 90, p. 2. Further, BNSF contends that 2800 copies are necessarily excessive because Crompton only introduced 61 exhibits at trial. Crompton has provided invoices from Xact Data, including the number of pages and price per page, for this Court to make a determination of the amount's reasonableness. Further, the invoices dates of November 20 and 28, 2012, shortly before this trial began, indicate these charges were incurred in preparation for trial. The Court finds that the costs per page and the number of pages listed in items 25 and 26 are reasonable. Accordingly, the Court will not reduce the photocopying costs in items 25 and 26.

## 2. Items 27 and 28

BNSF next objects that items 27 and 28 are not allowable because they are office supplies that qualify as ordinary business expenses and are not taxable under 28 U.S.C. § 1920. Item 27, supported by a receipt from Staples, consists of paper, a binder clip, and highlighters. With regard to the paper for copies at Staples, Crompton asserts these were trial exhibits and the receipt lists the number of copies and the charge per page. The Court finds that these amounts are reasonable. However, Crompton fails to explain how the binder clip and highlighters are recoverable as costs and the Court suspects that these items are ordinary business expenses. The Court will reduce the costs awarded by $7.78, the cost of the binder clip and highlighters. With respect to item 27, the Court awards Crompton $111.03 in copying costs. Item 26 is a receipt from CVS for what Crompton asserts is for paper to use in conjunction with exhibits. The receipt, however, is illegible, and the Court is unable to make a determination of the reasonableness of these copies. Accordingly, item 28 is not recoverable and the Court reduces the total costs awarded to Crompton by $11.16.

For the foregoing reasons, the Court **DIRECTS** the Clerk of Court to tax costs in the amount of $10,739.93. Specifically, the Court (1) allows Crompton to recover costs listed in items 26 and 27 in their entirety; (2) reduces costs listed in item 27 by $7.78; and (3) and finds costs listed in item 28 are not recoverable.

**IT IS SO ORDERED.**

**DATED:** January 16, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
